UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRADLEY ERWIN EASTERLY,           )
                                  )
            Plaintiff,            )
                                  )
v.                                )        No. 3:20-CV-00065-JRG-HBG
                                  )
OFFICER LANCE THOMAS, OFFICER     )
THORNBURY, OFFICER BAKER, LT.     )
MILLER, LT. JIM SMITH, KNOX       )
COUNTY MUNICIPALITY, and          )
MEDICAL NURSES,[1]                )
                                  )
            Defendants.           )

## MEMORANDUM OPINION AND ORDER

This pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Plaintiff's complaint

[Doc. 1] is now before the Court for screening pursuant to the Prison Litigation Reform Act

("PLRA"). For the reasons set forth below, Plaintiff's claims for (1) excessive force in violation

of the Eighth Amendment against Defendant Thornbury; (2) excessive force against Defendants

Baker, Thomas, Smith, and Miller arising out of their acts of leaving Plaintiff restrained and in a

mask that was burning his face due to mace; (3) lack of training and supervision in violation of the

Eighth Amendment against Defendant Knox County; and (4) violation of right to privacy under

the Fourth Amendment against Defendant Knox County will proceed herein.

### I.    SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and shall, at any time,

*sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are

against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A). The

---

[1] Plaintiff named "Medical Nurses" as additional Defendants he sought to sue in his complaint [Doc. 1 at 3]. Thus, the Clerk is **DIRECTED** to add them as Defendants herein.

dismissal standard articulated by the Supreme Court in and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## I.     COMPLAINT ALLEGATIONS

On March 14, 2019, while Plaintiff was in the Knox County Detention Facility, he was awakened when Defendant Officer Thornbury banged on his door, told Plaintiff not to move, and told Plaintiff's bottom bunk cell mate to get on the floor [*Id.* at 3–4]. After Plaintiff's cellmate complied, Defendant Thornbury told Plaintiff to get on the floor, but before Plaintiff could take off his blanket to comply, Defendant Thornbury grabbed his left arm and yanked him off the top bunk even though Plaintiff was not resisting [*Id.* at 4]. Plaintiff caught himself on his feet, but "the momentum from [Defendant Thornbury's] strength caused [Plaintiff] to hit the back of [his] head," at which point Plaintiff was dazed and in pain [*Id.* at 4]. Defendant Thornbury then pushed Plaintiff into the day room, and while Plaintiff was on his stomach, Defendant Thornbury put his knee into Plaintiff's kidney with all of his weight on it and put cuffs on him [*Id.*]. Plaintiff had headaches and a lump on his head and was nervous for weeks after this incident [*Id.*].

Plaintiff then arrived in medical and was told to sit and wait while his cellmate was strip-searched [*Id.* at 4–5]. When it was Plaintiff's turn, he entered a room with Defendants Baker, Thomas, and Smith inside, and Defendants Baker and Thomas both had their tasers out [*Id.* at 5]. Defendant Smith immediately jerked Plaintiff's pants and underwear down to his ankles while Defendant Baker uncuffed him [*Id.*]. Plaintiff was told to turn to Defendant Smith and lift his genitals and penis, turn around, put his elbows on the table, bend down, and "spread [his] butt cheeks" [*Id.* at 5]. Plaintiff complied, at which point Defendant Smith turned on his bodycam, told Defendants Baker and Thomas to do the same, and told Plaintiff not to move or he would tase him [*Id.* at 5]. Defendant Baker then told Plaintiff that he saw something plastic sticking out and he wanted Plaintiff to grab it, at which point Plaintiff did as the was told and was tased in the back as soon as his finger touched the piece of plastic even though he was not resisting at all [*Id.*].

Plaintiff swatted the wires and barbs off his lower back due to his self-defense reflexes, at which point Defendant Smith asked Defendant Baker if he also got blood on him and Defendant Baker replied affirmatively [*Id.* at 5–6]. Plaintiff then felt an electric shock to his left rib cage area, his knees buckled, and he felt a severe pain in his anus like someone was ripping his insides out [*Id.* at 6]. At this point, Defendant Thomas yelled that Plaintiff was biting him and struck Plaintiff in his head twice very hard, and as he hit the floor, Plaintiff saw a plastic baggie with blood and feces on it next to his head [*Id.*]. Plaintiff then felt someone trying to put his pants back on while someone else put cuffs on him, and Defendant Smith sprayed Plaintiff's face "with ma[c]e or freeze" and Defendant Miller or Smith put a spit mask over Plaintiff's head, which smeared the mace into Plaintiff's nose, eyes, and mouth, and burned his skin [*Id.* at 6–7].

Plaintiff strongly feels that these officers acted with excessive force, alleges that this is a custom at Knox County Detention Facility, and therefore seeks to sue Knox County for its failure

to train and supervise officers [*Id.* at 7]. Plaintiff also wants the officers to be charged, policies changed, and a jury trial [*Id.*].

Plaintiff was then put into a restraint chair where he was strapped in with the spit mask on and put in five-point restraints despite showing no aggression or resistance [*Id.*]. Plaintiff was left strapped in the restraint chair with the spit mask on in the observation room of the medical area while suffocating and feeling the spray on his face for approximately thirty minutes before Defendant Miller entered the room, turned off his body cam, and told Plaintiff that his answers to Defendant Miller's questions would determine when Plaintiff got drops to ease the burn from the mace and how long Plaintiff was strapped to the chair [*Id.* at 8]. Defendant Miller then asked Plaintiff about the number of drugs in the bag and Plaintiff responded, but then Plaintiff was left for two to three hours while suffocating, burning, and feeling pain and burning in his anus [*Id.* at 8–9].

After Plaintiff was let out of the restraint chair and given drops to ease the burn from the mace, he was placed a cell where he had only pants and half a roll of toilet paper, but did not have a mattress, underwear, socks, a shirt, sheets, a blanket, or any hygiene to allow him to clean up, which Corporal Jones said was due to the orders of Defendant Smith [*Id.* at 9]. After Plaintiff stayed in this cell for six to eight hours, he was taken back to his cell and given back his "basic necessities" [*Id.*].

After this incident, unnamed officers laughed at Plaintiff and stated that they saw the video of his cavity search, so he did not need to give his name or identification number for head count [*Id.* at 9–10]. Plaintiff then entered a Prison Rape Elimination Act complaint and was interviewed by a detective and a lieutenant and told he needed to file a grievance [*Id.* at 10].

4

As a result of this incident, Plaintiff was found guilty of disciplinary reports for two assaults and possession of dangerous contraband, placed in solitary confinement for ninety days, and had his privileges taken away for ninety days [*Id.*].  Plaintiff was also charged with introduction of contraband into a penal facility and assault on a public/private employee [*Id.*].  These charges are pending and result from Defendant Smith giving false testimony at Plaintiff's preliminary hearing and Defendant Thomas putting false statements in the affidavit on the police report [*Id.* at 11].

Also, an unnamed officer told Plaintiff that the video of his cavity search is being used as a training video at Knox County, which Plaintiff states is humiliating [*Id.*].

Plaintiff has sued Lieutenant Smith, Officer Thomas, Officer Baker, Officer Thornbury, Lt. Miller, Knox County, and unnamed nurses that were present on March 14, 2019 [*Id.* at 3].

## II.    ANALYSIS

### A.  Prosecution of Officers

First, Plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  Thus, Plaintiff's request for prosecution of officers will be **DISMISSED**.

### B.  Defendant Thornbury

Plaintiff alleges that Defendant Thornbury yanked him off his bunk, which caused Plaintiff a head injury, and then placed all of his weight on Plaintiff's kidney while handcuffing him. Liberally construing these allegations in favor of Plaintiff, the Court can plausibly infer that Defendant Thornbury may have violated Plaintiff's rights under the Eighth Amendment.[2] *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2475 (2015).  Thus, these claims will proceed herein.

---

[2] It appears that Plaintiff was a convicted state prisoner at the time of the incident.  *See* https://apps.tn.gov/foil-app/search.jsp.

5

## C.  Defendants Baker, Thomas, and Smith

Next, it is apparent from the complaint that Plaintiff has pending criminal charges against him arising out of the conflict between him and Defendants Baker, Thomas, and Smith during the cavity search.  Thus, Plaintiff's claims arising out of this incident are not cognizable under § 1983.

Specifically, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions.  *Id.* at 44.  This rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court."  *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted).  As such, federal courts should abstain from addressing a claim where: (1) a state proceeding is ongoing; (2) an important state interest is involved; and (3) the party has an adequate opportunity to raise his constitutional challenges in the state proceeding.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

Thus, *Younger* compels the Court to abstain from interfering with Plaintiff's pending state criminal matter, and Plaintiff's claims against these Defendants arising out of the conflict during the cavity search will be **DISMISSED**.

However, Plaintiff also alleges that after he had no ability to assault or resist these Defendants, they left him in a restraint chair with mace burning his face under a mask.  As nothing in the complaint indicates that any charges are pending against Plaintiff for this incident after the cavity search, this claim will proceed in this matter.  *See Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 611–12 (6th Cir. 2014) (noting that the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), which is substantively similar to *Younger*, may not bar § 1983 claims alleging that excessive force occurred "'*after* the suspect ceases resisting'"); *Kingsley*, 135 S. Ct. at 2475.

6

### D. Defendant Miller

Plaintiff additionally alleges that after he was restrained and wearing a mask that spread the burn of the mace, Defendant Miller told Plaintiff that his ability to get drops to ease that pain would depend on how Plaintiff answered Defendant Miller's questions. These allegations allow the Court to plausibly infer that Defendant Miller may have violated Plaintiff's rights under the Eighth Amendment. *Kingsley*, 135 S. Ct. at 2475. Thus, this claim will proceed herein.

### E. Knox County

Plaintiff also alleges that the excessive force of Defendants Thornbury and Miller was the result of Knox County's failure to adequately train and supervise them, and this claim will proceed herein. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that a governmental entity may be liable under § 1983 only where its official custom or policy causes a constitutional rights violation).

Plaintiff's claim that Knox County is using the video of his cavity search in officer training adequately alleges a violation of Plaintiff's constitutional rights. *Stoudemire v. Mich. Dep't of Corrs.*, 705 F.3d 560, 572 (providing that "'a convicted prisoner maintains some reasonable expectations of privacy while in prison . . . even though those privacy rights may be less than those enjoyed by non-prisoners'") (quoting *Cornwell v. Dahlberg,* 963 F.2d 912, 916 (6th Cir. 1992)). Thus, this claim will also proceed against Knox County.

### F. Unnamed Medical Nurses

Plaintiff also seeks to hold unnamed medical nurses liable for the incident on March 14, 2019. However, the statute of limitations for such claims is one year,[3] and Plaintiff did not amend

---

[3] District courts apply state statutes of limitations § 1983 claims. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to § 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).

his complaint to name these individuals prior to the statute of limitations for those claims expiring. Rule 15(c) of the Federal Rules of Civil Procedure provides that a plaintiff may amend his complaint to change the name of a defendant and such an amendment will relate back to the date of the original pleading if (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, (2) the added party received notice of the suit in the ninety days following the filing of the original complaint, (3) the notice was such that the added party will not be prejudiced in maintaining a defense on the merits, and (4) the added party knew or should have known that but for a mistake of the identity of the proper party, the action would have been brought against him.  Fed. R. Civ. P. 15(c); Fed. R. Civ. P. 4(m); *Moore v. City of Harriman*, 272 F.3d 769, 774 (6th Cir. 2001).

However, well-established Sixth Circuit case law provides that Plaintiff's failure to name the Doe Medical Nurse Defendants prior to expiration of the statute of limitations for his claims against them bars those claims.  *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (finding that "Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the 'mistaken identity' requirement of Rule 15(c)[]"); *Smith v. City of* Akron, 476 F. App'x 67, 69 (6th Cir. 2012) (holding that adding new, previously unknown Defendants in the place of Doe defendants is not equivalent to substituting parties, but rather amounts to addition of parties, and that Rule 15(c) offers no remedy to a plaintiff seeking to do so after the statute of limitations has passed).  Thus, Plaintiff's claims against the Doe Medical Nurse Defendants will be **DISMISSED**.

### G.  Denial of Certain Necessities

Plaintiff's allegation that he was placed in a cell with only toilet paper and pants but without any other "basic necessities" for six to eight hours after he was released from his restraint fails to

allege a constitutional violation. *Dellis v. Corrs. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001) (providing that temporary inconveniences "did not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency"). Accordingly, this claim will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Only Plaintiff's claims for (1) excessive force in violation of the Eighth Amendment against Defendant Thornbury; (2) excessive force against Defendants Baker, Thomas, Smith, and Miller arising out of their acts of leaving Plaintiff restrained and in a mask that was burning his face due to mace; (3) lack of training and supervision in violation of the Eighth Amendment against Defendant Knox County; and (4) violation of right to privacy under the Fourth Amendment against Defendant Knox County will proceed herein;

2. All other claims and Defendants are **DISMISSED**;

3. The Clerk is **DIRECTED** to send Plaintiff service packets (a blank summons and USM 285 form) for Defendants Thornbury, Baker, Thomas, Smith, Miller, and Knox County. Plaintiff is **ORDERED** to complete the service packets and return them to the Clerk's Office within twenty (20) days of receipt of this order. At that time, the summonses will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4;

4. Service shall be made on Defendants pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective;

5. Plaintiff is forewarned that if he does not return the completed service packets within the time required, the Court may dismiss this action;

6. Defendants shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service of process. If any Defendant fails to timely respond to the complaint, it may result in entry of judgment by default against tat Defendant; and

7. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to

9

provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

_____
s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
