UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BRADLEY ERWIN EASTERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:20-CV-00065-JRG-HBG |
| | ) | |
| OFFICER LANCE THOMAS, OFFICER KRIS THORNBURY, OFFICER ADAM BAKKER, LT. SETH MILLER, LT. JOSH SMITH and KNOX COUNTY MUNICIPALITY, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a lawsuit for violation of 42 U.S.C. § 1983 and Tennessee law arising out of a series of incidents on March 14, 2019, during Plaintiff's confinement in the Knox County Detention Facility. Now before the Court is Defendant Knox County's motion to compel Plaintiff to respond to interrogatories by a specific deadline and for a stay of this case until that deadline [Doc. 83], in support of which Defendant Knox County filed a copy of its relevant interrogatories [Doc. 83-1]. Plaintiff filed a response in opposition to this motion [Doc. 84], and an affidavit from Plaintiff's counsel regarding the factual allegations therein [Doc. 84-1].[1] For the reasons set forth below, this motion will be **GRANTED in part** to the extent that Plaintiff shall have up to and including February 17, 2022 to file his responses to the relevant interrogatories and **DENIED in part** as to Knox County's request for a stay.

---

[1] The Court notes that, as of the drafting of this order, Defendant Knox County had not filed a reply to Plaintiff's response in opposition to its motion, and its time for doing so had not passed. E.D. Tenn. L.R. 7.1(a). However, as the Court's Rule provides that "reply briefs are not necessary and are not required by the Court," E.D. Tenn. L.R. 7.1(c), the Court will not wait for any reply brief from Defendant Knox County prior to ruling on the merits of the pending motion.

1

## I. BACKGROUND

The parties agree that on October 27, 2021, Defendant Knox County sent Plaintiff's counsel requests for admissions and interrogatories and that counsel for Plaintiff timely responded to the requests for admission [Doc. 83 at 1–2; Doc 83-1; Doc. 84 at 1–2]. However, Plaintiff, who is incarcerated in West Tennessee, still has not responded to Defendant Knox County's eight interrogatories, which he must sign, *see* Fed. R. Civ. P. 33(b)(5), despite counsel for Defendant Knox County attempting to obtain his responses [Doc. 83 at 2–3; Doc. 83-1].

Based on Plaintiff's failure to file responses to the interrogatories, Defendant Knox County contends that "it is uncertain whether [Plaintiff] intends to cooperate in discovery" [*Id.* at 2]. Defendant Knox County also cites a case in which the Sixth Circuit found that a district court did not abuse its discretion in dismissing a case where the Plaintiff's discovery responses were deficient, the court had stayed the case for more than two months pending completion of discovery, and the court had warned the plaintiff that dismissal may be imposed as a sanction [*Id.* at 2 (citing *Bryant v. U.S., ex rel. U.S. Postal Serv.*, 166 F. App'x 207, 209 (6th Cir. 2006))], before requesting that the Court compel Plaintiff to respond to the interrogatories by a certain deadline and stay the case until Plaintiff has done so [*Id.*].

In his response in opposition to the motion, Plaintiff's counsel provides various reasons for Plaintiff's failure to timely respond to Defendant Knox County's interrogatories [Doc. 84]. First, counsel states that, as he was preparing for a trial in December, he inadvertently failed to mail the interrogatories to Plaintiff until late December 2021 [*Id. at* 6]. Counsel further states that, despite his and his administrative assistant's undated attempts to contact Plaintiff, he was unable to verify that Plaintiff had received the interrogatories until January 19, 2022, and he learned the next day from a prison official that Plaintiff had been in quarantine from an unknown date until January 15,

2022, and the prison official had been unable to contact Plaintiff's counsel earlier due to prison staffing issues [*Id.*]. But, according to Plaintiff's counsel, Plaintiff has stayed in contact with counsel during this case, and, on January 21, 2022, told counsel that he received the interrogatories, had written his responses, and "was mailing the[] [responses] to [counsel]" [*Id.* at 5, 6].

Also, according to Plaintiff's counsel, counsel for Knox County has only contacted him twice about the interrogatory responses [*Id.* at 7]. The first such contact came on December 23, 2021, at which time Plaintiff's counsel explained the delay and stated "that he needed about two more weeks to finalize the responses" [*Id.* at 7]. The second such contact came on January 13, 2022, at which time counsel for Knox County proposed that the parties file an agreed order compelling Plaintiff to respond by a certain date, Plaintiff's counsel asked counsel for Knox County to allow him until the end of the day "to try to contact prison-staff to determine if there was a reasonable possibility of meeting the deadline [] proposed," and counsel for Knox County responded "that he would 'file something by lunch'" [*Id.* at 7–8]. Counsel for Knox County filed the instant motion the following day [*Id.* at 8; Doc. 83].

Additionally, Plaintiff's counsel notes that the individual Defendants' depositions, "first noticed in February 2021," are now set on January 27-28, 2022 but counsel for Defendant Knox County has now informed Plaintiff's counsel that he and the deponents will not appear despite previously agreeing to do so [Doc. 84 at 12]. Plaintiff's counsel further points out that counsel for Defendant Knox County has not tried to schedule a deposition for Plaintiff, at which he would have the opportunity to obtain the same information the interrogatories seek [*Id.* at 12–13].

## II.  DISCOVERY

With regard to Defendant Knox County's motion to compel him to respond to interrogatories, Plaintiff argues that Defendant Knox County has not established that the

3

interrogatories are relevant, that *Bryant* is materially distinguishable from this case, that counsel for Plaintiff has participated in discovery by answering Defendant Knox County's requests for admission and seeking to depose the individual Defendants, and that Plaintiff was unaware of the relevant interrogatories until December 2021 and recently told his counsel that he had drafted and would mail his responses to counsel, as he had been released from a quarantine [Doc 84 at 9–11].

Rule 26(b)(1) governs discovery and provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Courts have explained that the "scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Meredith v. United Collection Bureau, Inc.*, 319 F.R.D. 240, 242 (N.D. Ohio 2017) (quoting *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998)).

It is apparent that Plaintiff has failed to timely answer Defendant Knox County's interrogatories. While Plaintiff argues that Defendant Knox County has failed to establish the interrogatories' relevancy, this argument ignores the fact that, with their motion, Defendant Knox County filed the relevant interrogatories, which on their face appear to seek discoverable, relevant information [Doc. 83-1], and Plaintiff has not alleged that they do not. Also, while Plaintiff's failure to timely respond to the interrogatories appears to have been the result of inadvertent acts of his counsel and the unfortunate timing of a prison quarantine, nothing indicates that Plaintiff cannot now file his interrogatory responses within a reasonable time.

4

Accordingly, Defendant Knox County's motion [Doc. 83] will be **GRANTED in part** to the extent that Plaintiff will have up to and including February 17, 2022, to provide his responses to Defendant Knox County's interrogatories to Defendant Knox County.

## III. STAY

Defendant Knox County also requests a stay of this proceeding pending its receipt of Plaintiff's answers to its interrogatories. However, Defendant Knox County has not met its burden to establish that it is entitled to a stay in this matter.

The power to stay proceedings is part of a court's control of the disposition of the cases on its docket. *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Env't. Council v. United States Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 255).

While Defendant Knox County alleges that the Court may stay this action pending its receipt of Plaintiff's responses to its interrogatories, it does not allege any "pressing need for delay," nor has it established that such a stay would not harm Plaintiff or the public. Further, in his response in opposition to this motion, Plaintiff establishes that such a stay would harm his ability to proceed with the individual Defendants' depositions in this case, which the parties scheduled by agreement for this week after Plaintiff first trying to schedule them nearly a year ago. Accordingly, Defendant Knox County's motion [*Id.*] will be **DENIED in part** to the extent that the Court will not stay this action. Also, the parties will be **NOTIFIED** that, absent unusual or extraordinary circumstances, the Court will not look favorably on any requests for extension of deadlines in this matter, and in fact, will be moving the trial date to an earlier date in accordance

with an amended scheduling order that it will enter contemporaneously with this memorandum and order.

## IV. CONCLUSION

For the reasons set forth above:

1. Defendant Knox County's motion [*Id.*] is **GRANTED in part** to the extent that Plaintiff has up to and including February 17, 2022, to provide his responses to Defendant Knox County's interrogatories to Defendant Knox County;

2. Defendant Knox County's motion [*Id.*] is **DENIED in part** to the extent that it seeks a stay in this matter; and

3. The parties are **NOTIFIED** that, absent unusual or extraordinary circumstances, the Court will not look favorably upon any requests for extension of any deadlines in this case.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
